UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| This LLC,<br><br>Plaintiff,<br><br>v.<br><br>HolaBelle, Inc. et al.,<br><br>Defendants. | Civil No. 3:23-cv-01579 (SVN)<br><br>November 22, 2024 |

**RULING AND ORDER ON**
**PLAINTIFF'S MOTION TO COMPEL [ECF No. 144]**

The plaintiff, This LLC ("TLLC"), has moved the Court for an order compelling Defendants HolaBelle Inc. ("HolaBelle"), Todd Glonek, and Ya Lan Yang (collectively, the "HolaBelle Defendants") to "conduct additional searches of their records, detail their search methodologies," and "produce all documents responsive" to TLLC's document requests. (Pl.'s Mot. to Compel, ECF No. 144 at 2.) In addition, TLLC asks that the Court order Holabelle to amend its answer to TLLC's Interrogatory No. 2, "to provide a response that presents any and all the information specifically sought thereby." (*Id.*) The presiding District Judge, the Hon. Sarala V. Nagala, referred the matter to the undersigned for a resolution. (ECF No. 145.) For the following reasons, TLLC's motion will be **GRANTED IN PART AND DENIED IN PART,** as set forth more fully below.

## I. Factual Background

TLLC is a limited liability company incorporated under the laws of the State of Connecticut, with its principal place of business located in Madison, Connecticut. (Am. Compl., ECF No. 86 ¶ 6.) HolaBelle is a corporation organized under the laws of the State of California, with its principal place of business in California. (*Id.* ¶ 7.) Todd Glonek is a resident of California

and an independent contractor providing services to HolaBelle, holding the "position of manufacturer representative." (Suppl. Decl. of Todd Glonek, ECF No. 107-3 ¶¶ 1-3.) Ya Lan Yang is a resident of California and the CEO of HolaBelle. (Suppl. Decl. of Ya Lan Yang, ECF No. 107-2 ¶¶ 1, 2.) TLLC makes and sells wooden skewers for roasting marshmallows. (Am. Compl., ECF No. 86 ¶ 12.) TLLC holds trademarks for "Smorstix," "The Perfect Marshmallow Roasting Stix," and several other products related to Smorstix. (*Id.* ¶¶ 12, 25, 27.) HolaBelle is alleged to have infringed on TLLC's intellectual property by making and selling wooden skewers marketed as "Mallosticks." (*Id.* ¶ 43.)

In December 2023, the HolaBelle Defendants moved to dismiss TLLC's claims for lack of personal jurisdiction and improper venue. (Defs.' Mot. to Dismiss, ECF No. 19.) The HolaBelle Defendants asserted that they lacked minimum contacts with the State of Connecticut, that it would be unreasonable for the Court to exercise personal jurisdiction over them, and that California was the appropriate venue for the action to be brought. (*Id.* at 8-10, 13-19.) Following TLLC's filing of the Amended Complaint, "the HolaBelle Defendants elected to apply the arguments made in their motion to dismiss the original complaint to the Amended Complaint." *This, LLC v. HolaBelle, Inc.*, No. 3:23-cv-1579 (SVN), 2024 WL 2957037, at *1 (D. Conn. June 12, 2024). On June 12, 2024, Judge Nagala denied the HolaBelle Defendants' motion to dismiss without prejudice to refiling "after a period of limited jurisdictional discovery." *Id.* The period of jurisdictional discovery was to last 90 days, until September 10, 2024. *Id.* at *13.

On June 25, 2024, TLLC served its First Set of Requests for Production upon each of the HolaBelle Defendants. (*See* Ex. A to Decl. of Bryan Wein, ECF No. 144-2 at 11, 36, 40, 68-69, 73, 103.) On the same day, TLLC served its First Set of Interrogatories on HolaBelle. (*Id.* at 107, 126.) On July 30, the HolaBelle Defendants served their Responses to TLLC's Interrogatories and

Requests for Production. (Decl. of Bryan Wein, ECF No 144-2 ¶ 3.) On August 5, TLLC sent a deficiency letter to the HolaBelle Defendants, outlining several issues it had with the HolaBelle Defendants' responses. (Ex. C to Decl. of Bryan Wein, ECF No. 144-2 at 152-68.) TLLC questioned, among other things, the completeness of the document production and the accuracy of the interrogatory answers. (*Id.*) Over the next few days, the parties exchanged several contentious communications about the issues identified by TLLC. (Ex. D to Decl. of Bryan Wein, ECF No. 144-2 at 170-189.) On August 14, before a scheduled meet and confer, the HolaBelle Defendants agreed to amend their responses and produce any additional documents "so as to avoid a potential motion practice." (Ex. E to Decl. of Bryan Wein, ECF No. 144-2 at 192-93.) However, TLLC was again dissatisfied with the responses and, on August 18, sent another deficiency letter to the HolaBelle Defendants. (Ex. I to Decl. of Bryan Wein, ECF No. 144-2 at 278-81.) On August 19, the parties had a phone call to discuss the issues outlined in the letter. (Ex. J to Decl. of Bryan Wein, ECF No. 144-2 at 283-85.) In a follow-up email exchange, the HolaBelle Defendants' counsel stated that "[n]one of the responses to TLLC requests have raised any objections," and that no further responsive documents existed. (*Id.*)

On September 9, TLLC deposed HolaBelle with Ms. Yang as HolaBelle's 30(b)(6) representative. (Decl. of Bryan Wein, ECF No. 144-2 ¶ 14.) On September 9, TLLC deposed Mr. Glonek. (*Id.*) During these depositions, Mr. Glonek and Ms. Yang answered questions about their document search and retention policies. Mr. Glonek testified that he had his Outlook set up to delete all messages "either 60 days or 90 days." (Ex. C to Decl. of Michael Ahmadshahi, ECF No. 153-4 at 87:01-14.) Ms. Yang testified that she "never deleted any files specifically [herself]," and "the computer deleted it automatically so [she] never designate any document to delete [herself.]" (Dep. of Ya Lan Yang, ECF No. 143-2 at 49:12-15.) She stated that "when [the

computer] deletes files, it deletes files based on the year." (*Id.* at 85:21-22.) In addition, she testified that she had not searched HolaBelle's records for several of TLLC's requested search terms. (*Id.* at 74:04-75:21, 77:08-18.)

On September 12, TLLC filed this motion to compel. TLLC claimed that the HolaBelle Defendants "refuse[d] to budge from their position, leaving the Parties at impasse." (Pl.'s Memo. in Support of Mot. to Compel, ECF No. 144-1 at 3.) TLLC asserted that the HolaBelle Defendants had not produced all the documents responsive to their discovery requests and that Defendant HolaBelle's response to TLLC's Interrogatory No. 2(b) was "materially incomplete." (*Id.* at 2, 4.) The HolaBelle Defendants opposed the motion, arguing that the motion to compel was both untimely and procedurally improper due to failure to meet and confer. (Defs.' Opp. to Mot. to Compel, ECF No. 153 at 2.) The HolaBelle Defendants also asserted that they do not have any further documents to produce, nor any additional information to provide in response to TLLC's Interrogatory No. 2. (*Id.* at 8-9.) TLLC filed a reply brief. (Pl.'s Reply to Opp. to Mot. to Compel, ECF No. 158.) At the HolaBelle Defendants' request, the Court had oral argument on November 21, 2024. (ECF No. 159.) The motion is fully briefed and ripe for decision.

## II. DISCUSSION

### A. Meet and Confer Requirement

As a threshold matter, the HolaBelle Defendants argue that this motion is procedurally improper because TLLC failed to meet and confer in accordance with Local Rule 37. (Defs.' Opp. to Mot. to Compel, ECF No. 153 at 5.) Local Rule 37 requires that a movant confer with opposing counsel before filing most discovery motions. D. Conn. Loc. R. 37(a) ("No motion pursuant to Rules 26 through 37, Fed.R.Civ.P. shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy. . . ."). However, "[t]he

law is clear that a court can excuse a failure to meet and confer if there are exigent circumstances or if a meet and confer clearly would have been futile." *Jackson v. City of New Haven*, No. 3:19-cv-388 (RNC), 2020 WL 13662384, at *4 n.5 (D. Conn. Aug. 28, 2020); *see also Murphy Med. Assocs., LLC v. Cigna Health & Life Ins. Co.*, No. 3:20-cv-1675 (JBA), 2023 WL 5608444, at *2 (D. Conn. Aug. 30, 2023) (considering a motion for sanctions when the defendant's previous communications with the plaintiff "satisfied [the] purpose" of the meet and confer requirement, and "additional meeting and conferring would have been futile").

The parties have already exchanged several communications about this dispute. The emails provided by TLLC in its exhibits reflect the acrimony between the parties. At the outset of the dispute, TLLC and the HolaBelle Defendants fought about when to even schedule the meet and confer. When the HolaBelle Defendants suggested a meet and confer date of August 14, TLLC stated that delaying the meet and confer for more than a week was unprofessional and accused the HolaBelle Defendants of purposefully delaying the process. (Ex. D to Decl. of Bryan Wein, ECF No. 144-2 at 185, 188.) The HolaBelle Defendants responded, "Don't talk about delaying tactics. It's laughable! File your motion to compel. It will be vigorously opposed." (*Id.* at 184.) The parties clashed over this discovery dispute throughout the month of August. (*See generally* Exs. C, D, E, I to Decl. of Bryan Wein, ECF No. 144-2.)

Despite the parties' attempts to reach some agreements, their disagreements on the main issues remain unchanged. TLLC thinks documents exist, and the HolaBelle Defendants say they do not; TLLC thinks the answer to TLLC's Interrogatory 2(b) is wrong, and the HolaBelle Defendants say that it is not. Even if they were able to engage in a civil meet and confer, such a meeting would almost certainly have been unfruitful. The HolaBelle Defendants would continue to assert that their productions and interrogatory answers were complete, and TLLC would

continue to question those assertions. The HolaBelle Defendants conceded as much at oral argument; when asked what further meeting and conferring would have been likely to achieve, they said only that they would have liked another chance to try to convince TLLC of the truth of their claim of a complete production. But TLLC says that it would not have accepted such a claim, and as will be discussed below, there were good reasons not to. Therefore, the Court concludes that TLLC's previous communications with the HolaBelle Defendants satisfied the purpose of the meet and confer requirement, and additional meeting and conferring would have been futile.

**B. Timeliness**

The HolaBelle Defendants argue that the Court should not consider TLLC's motion to compel because it was "untimely." (Defs.' Opp. to Mot. to Compel, ECF No. 153 at 6-8.) TLLC's motion was ostensibly two days late, since the parties' 90-day period of jurisdictional discovery concluded on September 10, 2024 and the motion was filed on September 12, 2024. A party who files a motion to compel after discovery has closed must establish good cause for the late filing. *See, e.g., Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 139 (S.D.N.Y. 2011) ("Though Rule 37 does not establish time limits for such a motion, a party seeking to file a motion to compel after discovery has closed must similarly establish good cause."). The primary consideration for a finding of "good cause" is the diligence of the moving party. *E.g., Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of 'good cause' depends on the diligence of the moving party."); *Saray Dokum v. Madeni Aksam Sanayi Turizm A.S.*, 335 F.R.D. 50, 52 (S.D.N.Y. 2020) ("The 'good cause' inquiry turns on the diligence of the party seeking to modify the scheduling order . . . . To satisfy the good cause standard the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." (citations and quotation marks omitted)). The court can consider other factors when assessing good cause,

such as "(1) the imminence of trial; (2) whether the request is opposed; (3) prejudice to the nonmoving party; (4) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; and (5) whether further discovery is likely to lead to relevant evidence." *Wingster v. Lyons*, No. 3:20-cv-1087 (JBA), 2023 WL 3956602, at *2 (D. Conn. May 30, 2023) (citation omitted).

The record here does not demonstrate a lack of diligence on TLLC's part. TLLC served its discovery requests on the HolaBelle Defendants and Acme Markets, Inc. on June 26 and June 27, respectively. (Defs.' Opp. to Mot. to Compel, ECF No. 153 at 3.) TLLC also issued deposition and document production subpoenas to third parties on July 2. (*Id.* at 4.) On July 30, the HolaBelle Defendants served their responses on TLLC. Between August 5 and August 19, the parties had email exchanges and conferred about the sufficiency of the Holabelle Defendants' responses. (Exs. C-J to Decl. of Bryan Wein, ECF No. 144-2.) On September 9 and 10, TLLC deposed HolaBelle and Todd Glonek respectively.[1] HolaBelle and Mr. Glonek's testimony heightened TLLC's concerns about the sufficiency of the document productions. (Pl.'s Memo. in Support of Mot. to Compel, ECF No. 144-1 at 3-4.) Two days later, TLLC filed this motion to compel. This was not a situation where TLLC had several months to conduct discovery and file motions, and simply failed to do so. Throughout the entire period, TLLC was actively engaging in both the discovery and meet and confer processes.

The other factors are either neutral or weigh in TLLC's favor. Trial is not imminent. The Holabelle Defendants claim that they will be prejudiced by the adjudication of this motion to compel, as "any additional documents, produced by third parties as a result of this motion to

[1] Though these depositions were noticed late into the discovery period, TLLC sensibly scheduled them for a date after which it expected to have a complete document production and complete answers to its interrogatories. (Ex. D to Decl. of Bryan Wein, ECF No. 144-2 at 177.)

compel were not available to HolaBelle Defendants when they drafted their renewed motion to dismiss." (Defs.' Opp. to Mot. to Compel, ECF No. 153 at 8.) However, TLLC's motion seeks only information and documents from the HolaBelle Defendants, and it is unclear how the HolaBelle Defendants will be unduly prejudiced by production of information or documents they already had in their possession. Finally, with regard to whether this discovery will lead to "relevant evidence," TLLC extensively laid out how the requested discovery is relevant to its jurisdictional claims (*see generally* Pl.'s Memo. in Support of Mot. To Compel, ECF No. 144-1 at 8-38), and the HolaBelle Defendants have not contested relevance in either their discovery responses or their briefing on this motion. For the foregoing reasons, though TLLC's is motion arguably untimely, the Court finds that there is good cause for the untimely filing.

**C. Request to Compel the HolaBelle Defendants to Conduct Additional Searches of Records, Provide Affidavits of Compliance, and Produce All Responsive Documents**

TLLC requests that the Court "order Defendants to renew their searches" for responsive documents, and require each defendant to "provide an affidavit of compliance describing in detail all efforts that were made to search for and identify responsive documents." (Pl.'s Memo. in Support of Mot. to Compel, ECF No. 144-1 at 8.) Relatedly, TLLC also requests that the HolaBelle Defendants be ordered to produce "all documents responsive to the TLLC Document Requests." (*Id.*) As noted above, the HolaBelle Defendants explicitly waived their objections to the requests, and they have not attempted to renew them here. (Ex. J to Decl. of Bryan Wein, ECF No. 144-2 at 283 ("None of the responses to TLLC requests have raised any objections.").) The HolaBelle Defendants do argue that a court order would be inappropriate, asserting that TLLC has not given the Court cause to believe that further responsive documents exist. (*See* Defs.' Opp. to Mot. to Compel, ECF No. 153 at 8-9 ("No discovery order or hearing is appropriate unless and until

Plaintiff makes a sufficient showing that the Court should not accept Defendants' assertion that no such items exist that have not been provided to Plaintiff . . . . HolaBelle Defendants have attested that they do not have any documents to produce . . . .").)

Courts often deny motions to compel when the responding party certifies that it has conducted a diligent search and has produced all extant documents responsive to the other party's requests. "Under ordinary circumstances, a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one 'cannot be required to produce the impossible . . . .'" *Zervos v. S.S. Sam Houston*, 79 F.R.D. 593, 595 (S.D.N.Y. 1978) (quoting *La Chemise Lacoste v. Alligator Co.*, 60 F.R.D. 164, 172 (D. Del. 1973); *accord Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016); *Menard v. Chrysler Grp. LLC*, No. 14-Civ.-6325 (VB), 2015 WL 5472724, at *3 (S.D.N.Y. July 2, 2015).

Here, the HolaBelle Defendants have asserted in their brief that they "do not have any documents to produce." (Defs.' Opp. to Mot. to Compel, ECF No. 153 at 9.) In HolaBelle's responses to TLLC's First Set of Requests for Production, HolaBelle answered either that it produced responsive documents "as demanded"; that "[a] diligent search, and a reasonable inquiry has been made in an effort to comply with this demand but Defendant is unable to comply because documents demanded never existed"; or that "Defendant is unable to comply because documents demanded is not presently in possession of Defendant." (Ex. F to Decl. of Bryan Wein, ECF No. 144-2 at 202-10.) HolaBelle also objected to Requests for Production No. 63 and 64 as "premature." (*Id.* at 209-10.) These responses were signed by Ms. Yang under penalty of perjury. (*Id.* at 211.) Ms. Yang and Mr. Glonek, as individual defendants, provided similar responses to

TLLC's First Set of Requests for Production.[2] (*Id.* at 222-30, 241-50.) In addition, the HolaBelle Defendants cite to three documents in their brief (Defs.' Opp. to Mot. to Compel, ECF No. 153 at 9), but these documents do not contain conclusive statements that no further documents exist. One of the documents cited is an affidavit that the HolaBelle's Defendants' counsel submitted under penalty of perjury, but the portion of the affidavit cited in the brief only states that the partial deposition transcripts of Mr. Glonek and Ms. Yang are true and correct copies. (Decl. of Michael Ahmadshahi, ECF No. 153-1 ¶¶ 19, 20.) Neither of the transcripts cited include any statement claiming that there are no further documents to produce. (*See* Ex. B to Decl. of Michael Ahmadshahi, ECF No. 153-3; Ex. C to Decl. of Michael Ahmadshahi, ECF No. 153-4.)

Even presuming that the HolaBelle Defendants have made a "good faith averment" of a complete production, that assertion may be overcome when the requesting party has a strong reason for disbelieving the claim – in other words, a reason backed up by solid evidence rather than mere suspicion. While "[l]itigants commonly suspect that they are not getting all the documents they have requested and that an adversary is holding something back," *Margel v. E.G.L. Gem Lab Ltd.*, No. 04 CIV. 1514 PAC HBP, 2008 WL 2224288, at *3 (S.D.N.Y. May 29, 2008), and while such suspicions, on their own, do not ordinarily support the entry of discovery orders against the responding party, *id.*, a different analysis applies when the requesting party "identifie[s] specific evidence to call into question [the responding party's] contention that no further responsive documents exist." *Mason Tenders*, 318 F.R.D. at 42-43. In *Mason Tenders* the

2 Both Ms. Yang and Mr. Glonek responded to Request for Production #1 with: "Documents available to Defendant responsive to this demand for production have been produced as demanded." (Ex. F to Decl. of Bryan Wein, ECF No. 144-2 at 222, 241.) Both answered each of the other requests for production with the same answer: "A diligent search, and a reasonable inquiry has been made in an effort to comply with this demand but Defendant is unable to comply because documents demanded never existed." (*Id.* at 222-30, 241-50.)

plaintiffs suspected that the defendants had not produced all documents responsive to their requests, and they supported their suspicions with deposition testimony from the defendants' CEO, in which the CEO "claimed that documents may exist at locations other than" the one that had been searched. *Id.* at 43. Because the plaintiffs had "cited to specific evidence that challenge[d] Defendants' blanket assertion that no additional documents exist, the burden . . . shift[ed] to Defendants to show *specifically* where they [had] searched and why these documents [were] not, in fact, within their custody, possession, or control." *Id.* (emphasis in original). And because the defendants had not made that showing, the court granted the motion to compel and ordered them to either "produce all relevant documents" or "explain specifically what efforts were undertaken to find relevant documents and why relevant documents do not exist, if in fact, that is the case." *Id.*

In this case, TLLC has strong, evidence-backed reasons for believing that the HolaBelle Defendants' production is incomplete. First, TLLC has provided evidence that the HolaBelle Defendants failed to produce at least one responsive document. TLLC's Exhibit B contains documents that were produced by the HolaBelle Defendants. (Ex. B to Decl. of Bryan Wein, ECF No. 144-2 at 131-47.) TLLC's Exhibit K contains five documents that were provided to them by third parties Heritage and Encore. (Ex. K to Decl. of Bryan Wein, ECF No. 144-2 at 287-318.) Exhibits B and K both contain parts of an email chain from December 2021 to January 2022, concerning HolaBelle's arrangement with Heritage and Encore to ship Mallosticks to a warehouse operated by non-party Ahold. (*Compare* Ex. B to Decl. of Bryan Wein, ECF No. 144-2 at 131-33 *with* Ex. K to Decl. of Bryan Wein, ECF No. 144-2 at 314-15); *see also This, LLC*, 2024 WL 2957037, at *3-4. But the HolaBelle production in Exhibit B does not contain one of the emails in the chain in Exhibit K. Specifically, HolaBelle produced an email from Howard Befort of

Encore, in the document labeled HOL-000083 (Ex. B to Decl. of Bryan Wein, ECF No. 144-2 at 133); but it did not produce the reply to that email, which was sent directly to HolaBelle and provided "revised POs in response to the facility change notification . . . ." (Ex. K to Decl. of Bryan Wein, ECF No. 144-2 at 314.) "[A]dditional evidence relating to the HolaBelle Defendants' expectations about or knowledge of the ultimate sale location of the Mallosticks it sold to Heritage" was one of the targets of jurisdictional discovery, *This, LLC*, 2024 WL 2957037, at *6, making this email at the very least relevant, if not highly probative of a key issue. To be sure, this is just one document, but it shows that HolaBelle's production was incomplete. In their brief and at oral argument, the HolaBelle Defendants provided no explanation for their failure to produce it.

Additionally, TLLC has shown that Ms. Yang did not perform a proper search of either her records or HolaBelle's records. In her capacity as HolaBelle's Rule 30(b)(6) designee, Ms. Yang testified that she did not search for several of TLLC's requested search terms, including "Peapod," "Stop & Shop," "Acme," "Balducci's," "Kings," and "CT." (Dep. of Ya Lan Yang, ECF No. 143-2 at 50:09-18; 74:04-75:21.) She stated that she did not search these terms because she did not have experience with the entities and "already know [she's] not going to have any encounter with them." (*Id.* at 76:21-77:18.) This directly contradicts the statements of the HolaBelle Defendants' counsel, who represented to TLLC that the HolaBelle Defendants had searched "all relevant databases and emails in response to each of TLLC's Document Requests, including targeted searches for all the terms specifically identified by TLLC in its Requests." (Decl. of Bryan Wein, ECF No. 144-2 ¶ 11.) Again, the HolaBelle Defendants do not directly respond to this assertion, nor provide any explanation for Ms. Yang's failure to search using TLLC's requested terms.

The Court concludes that TLLC has come forward with "specific evidence to call into question [the responding party's] contention that no further responsive documents exist." *Mason*

*Tenders*, 318 F.R.D. at 42-43. TLLC has shown that the HolaBelle Defendants failed to produce at least one document that was not only responsive, but potentially probative of a key issue. Though Ms. Yang testified that her email system automatically "deletes files based on the year" (Dep. of Ya Lan Yang, ECF No. 143-2 at 85:03-22), the omitted email was sent on the same day as other emails that the HolaBelle Defendants did produce. TLLC has also shown that Ms. Yang, both individually and as a representative of HolaBelle, did not perform an adequate and thorough search. She admitted that she did not search several of the terms specified in TLLC's document requests, since she believed that she would not find anything. This provides a sufficient basis for declining to accept the HolaBelle Defendants' representations about the non-existence of additional responsive documents. For the foregoing reasons, TLLC's motion to compel the HolaBelle Defendants to conduct additional searches of records and produce all responsive documents is granted. The Court's specific order is set forth in Section IV below.

**D. Request to Order Defendant Holabelle to Amend Answer to Interrogatory No. 2**

TLLC requests that the Court order Defendant HolaBelle "to amend Defendant HolaBelle's Response to Interrogatory No. 2(b)," as "Defendants have plainly failed to furnish a complete answer to this interrogatory." (Pl.'s Memo. in Support of Mot. to Compel, ECF No. 144-1 at 4, 38-39.) The Interrogatory asks for "[t]he identities of all entities to which HolaBelle marketed, distributed, offered for sale, and/or sold the Infringing Products, regardless of whether HolaBelle did so directly or through third parties, including, but not limited to, RKO, Encore, and Heritage." (Ex. A to Decl. of Bryan Wein, ECF No. 144-2 at 119.) The HolaBelle Defendants answered: "Heritage and Albertsons." (ECF No. 143 at 9.) TLLC contends that this answer is incomplete, as "numerous other companies sell Mallosticks." (Pl.'s Memo. in Support of Mot. to Compel, ECF No. 144-1 at 39.) Holabelle maintains that it "sold its Mallosticks only to Albertsons and

Heritage" (Defs.' Opp. to Mot. to Compel, ECF No. 153 at 8), and has repeatedly asserted that the sales to other entities were done without its knowledge or involvement. (*See id.* at 3 ("The jurisdictional discovery has revealed that only $694.75 worth of Mallosticks were sold by Acme in Connecticut who purchased it from Albertsons *without the knowledge of the HolaBelle Defendants*.") (emphasis in original)); *see also This, LLC*, 2024 WL 2957037, at *7 ("[T]he HolaBelle Defendants have declared that, during the relevant time period, they were not aware of Ahold or Stop & Shop's distribution arrangements and corporate structure.").

Under Rule 26(e)(1) of the Federal Rules of Civil Procedure, "[a] party who has . . . responded to an interrogatory, request for production, or request for admission - must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Fed. R. Civ. P. 26(e)(1). "The Rules impose a continuing duty to supplement responses to discovery requests only when 'a party[,] or more frequently his lawyer, obtains actual knowledge that a prior response is incorrect.'" *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 433 (S.D.N.Y. 2004) (citation omitted).

TLLC's Interrogatory No. 2(b) does not ask for a list of entities that HolaBelle knew to have received or sold Mallosticks; it asks for a list of entities "to which HolaBelle has marketed, distributed, offered for sale, and/or sold the Infringing Products, regardless of whether HolaBelle did so directly or through third parties . . . ." (Ex. A to Decl. of Bryan Wein, ECF No. 144-2 at 119.) TLLC certainly *suspects* that HolaBelle had direct or indirect involvement in sales to entities other than Heritage and Albertsons. During oral argument, TLLC's counsel expressed incredulity at the idea of several retailers receiving large quantities of Mallosticks without HolaBelle's

knowledge or input. To support its suspicions, TLLC cited to several examples of Mallosticks being offered for sale by entities other than Heritage or Albertsons, but it did not provide actual evidence that these entities bought Mallosticks from HolaBelle or were acting as intermediaries of HolaBelle. The question of whether HolaBelle knew which entities Heritage and Encore were selling to is an open one in this case, and one of the reasons jurisdictional discovery was allowed in the first place. *See This, LLC*, 2024 WL 2957037, at *12 ("[T]here remains an open question as to how many Mallosticks were offered for sale, or ultimately purchased, in Connecticut and whether the HolaBelle Defendants intentionally targeted Connecticut . . . . . there are genuine issues of jurisdictional and venue-related fact concerning, among other things, HolaBelle's knowledge that its distribution arrangements with Heritage and Encore would lead to sales of Mallosticks in Connecticut . . . .").

TLLC has not given the Court sufficient reasons to believe that HolaBelle's response to this interrogatory is incomplete or incorrect. *See, e.g., Huseby, LLC v. Bailey*, No. 3:20-cv-00167 (JBA), 2021 WL 3206776, at *10 (D. Conn. July 29, 2021) (denying motion to compel a further response to an interrogatory when the plaintiff failed to "come forward with any evidence that would call [Defendants'] representation into question"); *Bloom v. Douglas*, No. CIV.3:02-cv-907 (PCD), 2003 WL 22298987, at *3 (D. Conn. Jan. 15, 2003), on reconsideration, No. CIV. 3:02-cv-907 (PCD), 2003 WL 22299344 (D. Conn. Mar. 4, 2003) (declining to compel further response to interrogatory when the plaintiff did not "establish[] that defendant's response [was] inappropriate or otherwise deficient as is requisite to obtaining an order compelling discovery"). HolaBelle has stated – both in its brief and at oral argument – that it only sold Mallosticks to Heritage and Albertsons, and that if Mallosticks ultimately found their way into the inventories of other retailers, it would have been because Heritage or Albertsons re-sold them. TLLC disbelieves

this claim, but it acknowledged at oral argument that there is no contrary evidence in the motion record.[3] Because TLLC did not show that HolaBelle's answer to Interrogatory No. 2 was incomplete, its request for an order compelling HolaBelle to amend its interrogatory answer is denied.

## III. ATTORNEY'S FEES

TLLC says that it is entitled to an award of attorney's fees incurred in bringing its motion. (Pl.'s Memo. in Support of Mot. to Compel, ECF No. 144-1 at 39-40.) The HolaBelle Defendants disagree, arguing that "counsel for HolaBelle Defendants should not be held liable for Plaintiff's attorney fees where there is no culpability of counsel." (Defs.' Opp. to Mot. to Compel, ECF No. 153 at 10.) Where, as here, a court grants a motion to compel only in part, requests for awards of expenses are governed by Rule 37(a)(5)(C). That rule provides that "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). As the use of the word "may" suggests, the decision whether to award fees is within the Court's discretion. *See, e.g., Huminski v. Stop & Shop Supermarket Co*., No. 3:16-cv-1136 (RNC), 2017 WL 2779468, at *2 (D. Conn. June 27, 2017).

In this case, the Court declines to award attorney's fees to TLLC at this time. Other courts have declined to award expenses where, as here, the results of the requesting party's motion were "mixed." *E.g., S.C. Johnson & Son, Inc. v. Henkel Corp*., No. 3:19-cv-00805 (AVC) (SALM), 2020 WL 5640528, at *12 (D. Conn. Sept. 22, 2020); *Safeplan Platform Sys., Inc. v. EZ Access,*

[3] TLLC did assert that such evidence existed elsewhere on the docket, but the Court declines to accept this non-specific assertion as sufficient justification for the discovery order that TLLC seeks. TLLC may, of course, contest the accuracy of Holabelle's response to Interrogatory 2 at other stages of the litigation, citing such contrary evidence as may exist.

*Inc*., No. 06-CV-00726A (HBS), 2011 WL 7473467, at *5 (W.D.N.Y. Dec. 30, 2011) (concluding that because the results of the motion to compel were "mixed," "both sides should bear their own respective costs"). On the current record, the Court finds it appropriate for each side to bear its own fees and expenses regarding the completion and filing of the instant motion. However, this denial is without prejudice to renewal, should the HolaBelle Defendants fail to comply with the order set forth in Section IV. *See, e.g., In re Ogalin,* No. 3:04-cv-1225 (JBA), 2018 WL 4693952, at *2 (D. Conn. Oct. 1, 2018) (denying a request for attorney's fees without prejudice to renewal if the defendant failed to comply with the discovery order); *Innis Arden Golf Club v. Pitney Bowes, Inc.,* No. 3:06-cv-1352 (JBA), 2008 WL 11377708, at *2 (D. Conn. May 12, 2008) ("[D]efendants' Motion [for sanctions and attorney's fees] is denied without prejudice to renewal should plaintiff fail to properly supplement its responses . . . .").

## IV. CONCLUSION

For the foregoing reasons, the motion to compel of the plaintiff, TLLC (ECF No. 144), is **GRANTED IN PART AND DENIED IN PART**. TLLC's motion to compel the HolaBelle Defendants to conduct additional searches of their records and produce all responsive documents is **GRANTED**. The HolaBelle Defendants are **ORDERED** to perform an additional, diligent search for documents responsive to TLLC's Requests for Production. This search shall include, but not necessarily be limited to, targeted searches for all the terms specifically identified by TLLC in its Document Requests, including "Ahold," "Peapod," "Stop & Shop," "Acme," "Balducci's," "Kings," and "CT." The HolaBelle Defendants are ordered to conduct this search and produce all heretofore-unproduced, nonprivileged documents that are responsive to TLLC's Requests for Production by **Wednesday**, **November 27, 2024**. If, after conducting an additional, diligent search, any of these three defendants contend that no additional documents are available to be

produced, such defendant is **ORDERED** to serve upon TLLC and file on the docket a sworn declaration "explain[ing] specifically what efforts were undertaken to find relevant documents and why relevant documents do not exist, if in fact, that is the case." *Mason Tenders*, 318 F.R.D. at 43. The declaration shall be made by a person having personal knowledge of the search, and shall be served and filed on or before **Wednesday, November 27, 2024.**

The compliance date in the above order is not a misprint. While compliance with a District of Connecticut discovery order is generally due within fourteen days, the judge who issues the order has discretion to set "a different time." *See* D. Conn. L. R. 37(d). In this case, a shorter period will minimize the impact on the schedule for briefing the HolaBelle Defendants' motion to dismiss. Moreover, counsel for the HolaBelle Defendants stated during oral argument that his clients could comply with the Court's order by November 27th date.

For the reasons stated in Section II.D, TLLC's motion to compel Defendant HolaBelle to modify its answer to TLLC's Interrogatory 2(b) is **DENIED**.

This is not a recommended ruling. It is a ruling by a Magistrate Judge on a "nondispositive motion[ ] . . . relating to discovery," D. Conn. L. Civ. R. 72.1(C)(2), and as such it is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2(b). It is an order of the Court unless reversed or modified upon timely objection under Local Rule 72.2(a).

*/s/ Thomas O. Farrish*

Hon. Thomas O. Farrish
United States Magistrate Judge