**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| THIS, LLC, <br><br>            Plaintiff, <br><br> v. <br><br> HOLABELLE, et al. <br><br>            Defendants. | Case No.: 3:23-cv-01579-SVN <br><br> **COUNSELS' JOINT MOTION TO WITHDRAW AS COUNSEL** |

**I.    STATEMENT OF FACTS**

- On June 12, 2024, this Court permitted Plaintiff, This LLC ("TLLC" or "Plaintiff") to conduct a limited jurisdictional discovery. (Dkt. 135).

- On September 12, 2024, Plaintiff file its motion to compel discovery. (Dkt. 144).

- On September 24, 2024, Defendants HolaBelle, Inc. ("HolaBelle"), Ya Lan Yang ("Yang") and Todd Glonek ("Glonek") (collectively, "HolaBelle Defendants"), filed their renewed motion to dismiss for lack of personal jurisdiction and improper venue. (Dkt. 149).

- On October 1, 2024, Plaintiff filed its motion to extend the deadline to file its opposition to HolaBelle Defendants' motion to dismiss. (Dkt. 154).

- On October 2, 2024, this Court Granted Plaintiff's motion to extend the deadline to file its opposition, pending the outcome of Plaintiff's motion to compel. (Dkt. 156).

- On November 22, 2024, this Court Ordered HolaBelle Defendants to conduct additional search and produce documents, if any, in response to the search no later than November 27, 2024. (Dkt. 161).

- On November 27, 2024, HolaBelle Defendants produced and served additional documents in response to their additional search.

- On December 2, 2024, this Court reset the deadline for Plaintiff to file its opposition to HolaBelle Defendants' motion to dismiss by December 18, 2024.

- On December 5, 2024, Plaintiff's counsel emailed Ahmadshahi and stated that HolaBelle Defendants have to produce additional documents.

- On December 6, 2024, HolaBelle Defendants produced and served additional documents in response to Plaintiff's December 5th email.

- On December 10, 2024, Plaintiff's counsel emailed Ahmadshahi and stated that HolaBelle Defendants have to produce additional documents.

- On December 11, 2024, Plaintiff's counsel emailed Ahmadshahi to schedule a meet and confer conference for Plaintiff's contemplated motion for sanctions and request to extend the deadline to file its opposition to HolaBelle Defendants' motion to dismiss pending the resolution of its contemplated motion for sanctions.

- Plaintiff and HolaBelle Defendants have been engaged in settlement talks over the course of this litigation to no avail.

- HolaBelle Defendants have failed to pay for Ahmadshahi's legal fees by making only partial payments since August 12, 2024 in violation of a written retainer agreement which was executed on December 15, 2023.

- As of the date of this motion to withdraw as counsel, HolaBelle Defendants owe Ahmadshahi $$41,850 in legal fees.

- As a sole practitioner, continuing representation without compensation will result in an unreasonable financial burden upon Ahmadshahi and his firm.

- Since August 12, 2024, Ahmadshahi has warned HolaBelle Defendants that they are responsible to pay for his legal fees but that he would continue representation, without waiving his right to said legal fees, until the resolution of HolaBelle Defendants' renewed motion to dismiss for lack of personal jurisdiction and improper venue (Dkt. 149) only to preserve his firm's integrity and his professionalism given the stage of litigation.

- Over the course of the jurisdictional discovery, HolaBelle Defendants have failed to follow his advice regarding an orderly response to Plaintiff's discovery requests so as to avoid any motion to compel.

- On December 11, 2024, Ahmadshahi notified HolaBelle Defendants, via email, that on December 12, 2024 he will be filing his motion to withdraw as counsel and that Ms. Yang and Mr. Glonek, as individuals, may represent themselves but HolaBelle, as a corporate entity, must retain counsel, failure of which allows Plaintiff to obtain a default judgment against HolaBelle.

- On December 11, 2024, Ahmadshahi contacted his local counsel, Mr. Kevin E. Dehghani, and obtained his concurrence to join this motion to withdraw as counsel.

(Ahmadshahi Decl. ¶¶ 5-27; Exhibits-1-3).

## II. ARGUMENT

Pursuant to Local Rule 7(e), the undersigned counsel. Michael M. Ahmadshahi and local counsel, Mr. Kevin E. Dehghani (collectively, "Counsels"), respectfully move this Court to withdraw the appearance of Counsels in the above captioned matter on behalf of HolaBelle Defendants.

District courts have "a great deal of discretion" in deciding motions for withdrawal of counsel. *See Yachula v. Gen. Elec. Capital Corp.*, 199 F.R.D. 454, 457 (D. Conn. 2000) (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir.1999)). Pursuant to Local Rule 7(e), "[w]ithdrawals of appearances may be accomplished only upon motion, which normally will not be granted except upon a showing that other counsel has appeared or that the party whose counsel seeks to withdraw may and has elected to proceed without counsel, and that the party has received actual notice of the motion to withdraw." D. Conn. L. Civ. R. 7(e). Even "[i]n cases where the party has failed to engage other counsel or file a personal appearance," the court may still grant counsel's motion to withdraw if "good cause" for withdrawal exists and counsel has given appropriate "notice" to the party. *See id.*; *see also* D. Conn. R. Prof. Cond. 1.16(b)(7) (permitting a lawyer to

withdraw from representation where, among other reasons, "good cause for withdrawal exists"); *Eaton v. Coca-Cola Co.*, 640 F. Supp. 2d 203, 206 (D. Conn. 2009) (noting that "court looks to the Rules of Professional Conduct . . . to determine whether withdrawal is permissive or mandatory" and that Rule 1.16(a) allows permissive withdrawal where there is "good cause").

Rule 1.16(b) of the Rules of Professional Conduct provides the grounds for permissive withdrawal. An attorney may withdraw where "… (4) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (5) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (6) Other good cause for withdrawal exists."

This jurisdictional discovery began on June 12, 2024 and seems to have no ending, given Plaintiff's repeated requests for additional documents from HolaBelle Defendants. Having failed to find sufficient evidence to support its assertion of personal jurisdiction and proper venue over HolaBelle Defendants, Plaintiff continues to serve discovery requests in the hope that HolaBelle Defendants will capitulate to its settlement demands. (Ahmadshahi Decl. ¶¶ 5-27; Exhibits-1-3).

HolaBelle Defendants, on the other hand, have also failed to follow Ahmadshahi's legal advice regarding an orderly response to Plaintiff's discovery requests so as to avoid any motion practice. (Ahmadshahi Decl. ¶ 25). HolaBelle Defendants' disorderly response to Plaintiff's discovery requests, by no means, evinces Plaintiff's baseless allegations of evidence spoliation. Ms. Yang, a single mother with three minor children trying to put food on the table, does not have the organizational skills demanded by Plaintiff. This has provided Plaintiff ammunition to put litigation pressure on HolaBelle Defendants by way of seeking additional documents, albeit irrelevant, filing a motion to compel, and now threatening a motion for sanction, further seeking

HolaBelle Defendants' consent to postpone the deadline to file its opposition to HolaBelle Defendants motion to dismiss, pending the resolution of its motion for sanction. (Ahmadshahi Decl. ¶ 18).

Meanwhile, HolaBelle Defendants have failed to pay Ahmadshahi's legal fees since August 12, 2024 and, as of the date of this motion to withdraw, owe $41,850 in legal fees. As a sole practitioner, continuing representation without compensation will result in an unreasonable financial burden upon Ahmadshahi and his firm. Since August 12, 2024, Ahmadshahi has warned HolaBelle Defendants that they are responsible to pay for his legal fees but that he would continue representation, without waiving his right to said legal fees, until the resolution of HolaBelle Defendants' renewed motion to dismiss only to preserve his firm's integrity and his professionalism given the stage of litigation. (Ahmadshahi Decl. ¶¶ 21-24). *Statue of Liberty v. Int'l United Indus., Inc.,* 110 F.R.D. 395, 397 (S.D.N.Y.1986) (withdrawal granted where client refused to answer phone calls and letters and failed to pay attorney's fees).

Ahmadshahi is constrained by attorney-client privilege from disclosing his communications with HolaBelle Defendants, but the latter desire to deal with Plaintiff directly without Ahmadshahi's representation. Ahmadshahi has also notified HolaBelle Defendants, via email, that on December 12, 2024 he will be filing his motion to withdraw as counsel and that Ms. Yang and Mr. Glonek, as individuals, may represent themselves but HolaBelle, as a corporate entity, must retain counsel, failure of which allows Plaintiff to obtain a default judgment against HolaBelle. (Ahmadshahi Decl. ¶ 26). Moreover, Plaintiff has sought HolaBelle Defendants' consent to extend the deadline to file its opposition to HolaBelle Defendants' motion to dismiss pending the resolution of its contemplated motion for sanctions. (Ahmadshahi Decl. ¶ 18; Exhibit-3).

Even if counsel asserts that good cause exists, district courts may also consider whether granting withdrawal would disrupt "the prosecution of the suit" and delay the proceedings. *See Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999); *Vachula v. Gen. Elec. Capital Corp.*, 199 F.R.D. 454, 458 (D. Conn. 2000); *accord Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp.3d 441, 444 (S.D.N.Y. 2014) (noting that, in ruling upon motions to withdraw, courts consider both "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding"). Given the parties' course of conduct, neither party will be prejudiced by Counsels' withdrawal, since they both seek a delay in HolaBelle's pending renewed motion to dismiss for lack of personal jurisdiction and improper venue.

### III.   CONCLUSION

Based on the foregoing, Counsels respectfully request this Court to: (1) grants them leave to withdraw as counsel for HolaBelle Defendants in this matter pursuant to Local Rule 7(e) of Civil Procedure, (2) stay this matter for 30 days to provide HolaBelle Defendants to engage new counsel to appear, and (3) for such other relief as may be just and proper.

Respectfully submitted,

Dated: December 12, 2024        AHMADSHAHI LAW OFFICES

By: /s/Michael M. Ahmadshahi
Michael M. Ahmadshahi, PhD, Esq. (Bar No. 219933)
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Telephone: 949.556.8800
Email: mahmadshahi@mmaiplaw.com
*Pro Hac Vice* Attorney for Defendants
HolaBelle, Yang and Glonek

**CERTIFICATE OF SERVICE**

I, Michael M. Ahmadshahi, certify under penalty of perjury that the foregoing was served on the interested parties listed below, via the Court's Electronic Filing Program, United States Mail, Electronic Mail, and/or any other manner permitted by the Federal Rules of Civil Procedure on December 12, 2024.

Dated: December 12, 2024      AHMADSHAHI LAW OFFICES
By: /s/Michael M. Ahmadshahi
Michael M. Ahmadshahi, PhD, Esq. (Bar No. 219933)
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Telephone: 949.556.8800
Email: mahmadshahi@mmaiplaw.com
*Pro Hac Vice* Attorney for Defendants
HolaBelle, Yang and Glonek


HolaBelle Defendants
info@holabelle.org

Todd S. Sharinn
Gilbride, Tusa, Last & Spellane LLC
986 Bedford St
Stamford, CT 06905
203-542-8418
tss@gtlslaw.com

Bryan Louis Wein
Gilbride, Tusa, Last, & Spellane LLC
896 Bedford Street
Stamford, CT 06905
203-295-7408
bryanw@gtlslaw.com

Ariba Ahmad
Foley & Lardner LLP
321 N. Clark Street
Suite 3000

7

Chicago, IL 60654
312-832-4727
aahmad@foley.com
Jeanne Gills
Foley & Lardner LLP
321 N. Clark Street
Suite 3000
Chicago, IL 60654
312-832-4500
jmgills@foley.com

Michael D Kaminski
Foley & Lardner LLP
Washington Harbour
3000 K Street, N.W.
Suite 600
Washington, DC 20007
202-672-5490
mkaminski@foley.com

Richard Spencer Montei
Foley & Lardner LLP
321 N. Clark Street
Suite 3000
Chicago, IL 60654
312-832-4354
rmontei@foley.com

Seth R. Klein
Izard Kindall & Raabe
29 South Main Street
Suite 315
Hartford, CT 06103
860-493-6292
860-493-6291 (fax)
sklein@ikrlaw.com

John Gary Maynard, III
Hunton Andrews Kurth
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
804-788-8772
jgmaynard@huntonak.com

Craig A. Raabe
Izard, Kindall & Raabe LLP
29 South Main Street
Suite 305
West Hartford, CT 06107
860-513-2939
craabe@ikrlaw.com

Matthew Joseph Ricciardi
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
202-955-1685
mricciardi@huntonak.com

Michael R Shebelskie
Hunton Andrews Kurth LLP
Riverfront Plaza - East Tower
951 East Byrd Street
Richmond, VA 23219
804-788-8716
804-788-8218 (fax)
mshebelskie@huntonak.com